# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: M.L. & B.L.**

**No. 14-0504** (Jackson County 13-JA-51, 13-JA-52)

**FILED**

January 12, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

# MEMORANDUM DECISION

Petitioner Mother, by counsel Edward L. Bullman, appeals the Circuit Court of Jackson County's May 1, 2014, order terminating her parental rights to M.L. and B.L. The Department of Health and Human Resources ("DHHR"), by counsel, Michael L. Jackson, filed a response in support of the circuit court's order. The guardians ad litem, Anita H. Ashley and Erica B. Gunn, filed a joint summary response on behalf of the children supporting the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in failing to grant her an improvement period prior to the termination of her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 6, 2013, the DHHR filed an abuse and neglect petition against petitioner alleging that she had a history of domestic violence that caused M.L. to become "extremely upset and start to cry." Petitioner was alleged to have been the victim of the domestic violence, which included a report from 2012 that her husband burned her with a hot frying pan and a hot iron. On September 16, 2013, the DHHR filed an amended petition alleging more detailed accounts of the domestic violence in petitioner's household and medical concerns for the children. For approximately one year, the maternal grandparents had guardianship of M.L.[1] However, in August of 2013, due to alleged acts of violence and threats of violence by petitioner's husband, the maternal grandparents moved for and were granted relinquishment of that guardianship. Upon relinquishment of guardianship and following B.L.'s birth, the DHHR received temporary custody of both children, pending further proceedings. The amended petition also alleged that, when the DHHR took B.L. from petitioner and her husband, the Child Protective Services ("CPS") worker and medical personnel noticed that B.L. had a severe diaper rash and a severe yeast infection.

Thereafter, petitioner stipulated to domestic violence causing harm to M.L. At the March 26, 2014, dispositional hearing, the CPS worker testified that petitioner only "recently" demonstrated a willingness to participate in and comply with services to correct the conditions of abuse and that she had a history of noncompliance with DHHR. Conversely, petitioner testified

---

[1]At this time, B.L. was not yet born.

that she was willing to comply with domestic violence treatment, but that she had withdrawn her recent divorce petition and still resided with her husband because they had made "progress" in their relationship. Dr. Timothy Saar testified that petitioner had the intellectual ability to comply with rules imposed by the DHHR, but she was at times uncooperative and hostile with others. Dr. Saar also testified that during his evaluations of petitioner, she had not admitted to any domestic violence in her relationship with her husband, and he did not diagnose her with battered women's syndrome.

The circuit court continued the dispositional hearing to secure the testimony of Dr. Bobby Miller to present evidence of his evaluation of petitioner. On March 28, 2014, Dr. Miller testified as to his evaluation of petitioner and also concluded that she did not suffer from battered women's syndrome. Dr. Miller diagnosed petitioner with sexual masochism, personality disorder, and narcissistic personality traits. According to Dr. Miller, petitioner did not perceive a need to change herself, and during the evaluation, she denied domestic violence with her husband. Dr. Miller also testified that petitioner would have impediments that would be difficult to overcome in an improvement period, which included her perception that she did not need therapy and that she was superior to others. Thereafter, the circuit court denied her motion for a post-adjudicatory improvement period and terminated her parental rights to both children. This appeal followed.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to de novo review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without granting her an improvement period. West Virginia Code §§ 49-6-12(b) and -12(c) grant circuit courts discretion in ruling on motions for improvement periods. Further, these statutory provisions require a parent to prove by clear and convincing evidence that they are likely to fully participate in the same. Upon our review of the record on appeal, it is clear that petitioner did not satisfy this burden. The circuit court found that petitioner failed to make a genuine admission of domestic violence causing harm to her child for the purposes of participation in an improvement period. This is demonstrated by the testimony of her history of uncooperative behavior with

DHHR and failure to acknowledge the domestic violence in her relationship with her husband during her psychological evaluations. We have long held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997); "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re: Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re: Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)).

Contrary to petitioner's argument that the circuit court held her to a higher standard to acknowledge domestic violence in denying her an improvement period, the record reflects that petitioner failed to satisfy her burden and failed to acknowledge the conditions of abuse and neglect for the purpose of correcting those conditions. We have explained that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re: Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Instead, petitioner continued her relationship with her husband; failed to acknowledge to two therapists the domestic violence at issue; and persistently contested the actions and conduct of the DHHR, visitation supervisors, and foster parents by making accusations of criminal conduct and other misbehavior. Although petitioner claims that the circuit court ignored the "great weight" of the evidence, the circuit court clearly weighed the evidence presented, and the circuit court was within its discretion to determine that petitioner's assertions at disposition that she would comply with the terms of an improvement period were not genuine. We find no error in the circuit court's findings that the evidence was not clear and convincing that petitioner would fully comply with the terms of an improvement period.

We have also held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E. 114 (1980)). Therefore, we find that the circuit court did not err in finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II